UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

| | |
|---|---|
| **TATO REAL ESTATE HOLDINGS, INC.,** ) | Case No.: 6:10-bk-13644-ABB |
| ) | Chapter 11 |
| **Debtor.** ) | |
| ) | [Hearing requested within 30 days |
| _____ ) | pursuant to 11 U.S.C. § 1112(b)(3)] |

**MOTION BY UNITED STATES TRUSTEE**
**TO DISMISS OR CONVERT CONFIRMED CASE**

Donald F. Walton, United States Trustee for Region 21, by and through his undersigned counsel, moves the Court for the dismissal or conversion of this case for cause pursuant to 11 U.S.C. § 1112(b), and in support states:

1.  On November 8, 2010, the Court entered an Order (Dkt. No. 53; the "Confirmation Order") confirming the Debtor's Chapter 11 Plan of Reorganization (Dkt. No. 16; the "Plan").

2.  Pursuant to 11 U.S.C. § 1106(a)(7), Bankruptcy Rule 2015(a)(5) and paragraph eight of the Confirmation Order, after confirmation, the Debtor is required to file with the Bankruptcy Court and serve upon the United States Trustee a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open. This information is essential to determine if the Debtor is in compliance with the Confirmation Order and the Plan and to determine the amount of quarterly fees due and owing to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6).

3. The Debtor has failed to properly comply with this requirement in that the Debtor has failed to file appropriate financial information for the time period beginning with September 1, 2010 through and including October 31, 2011.

4. In addition, pursuant to paragraph eight of the Confirmation Order, "[t]he reorganized Debtor shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case." Confirmation Order at ¶ 8.

5. The Debtor currently owes quarterly fees for the fourth quarter of 2010 and the first, second and third quarters of 2011.[1] These fees were due to be paid on or before January 31, 2011; April 30, 2011; July 31, 2011 and October 31, 2011, respectively. Due to the Debtor's failure to file its disbursement information, these fees have been estimated in the total amount of $1,300.00. Once quarterly reports are filed, the United States Trustee will be able to determine the correct amount of fees due.

6. Further, paragraph seven of the Confirmation Order provides that "[i]f the Debtor fails to follow the provisions of Local Rule 3022-1, then the debtor shall file a report within ninety (90) days following the date of the Order of Confirmation, setting forth the progress made in consummating the Plan." Confirmation Order at ¶ 6. Despite this provision, the Debtor has failed both to follow the provisions of Local Rule 3022-1 and to file the requisite report within 90 days following the entry of the Confirmation Order.

---

[1] In addition, quarterly fees for the fourth quarter of 2011 are due on or before January 31, 2012.

7. Based on the foregoing, there is cause to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b). Such cause includes, without limitation, the Debtor's failure to comply with an order of this Court, and failure to pay any fees or charges required under chapter 123 of title 28.[2] 11 U.S.C. § 1112(b).

8. Pursuant to § 1112(b)(3), the Court shall commence a hearing on this Motion not later than 30 days after filing the Motion and shall decide the motion not later than 15 days after commencement of such hearing unless the movant expressly consents to a continuance for a specific period of time or compelling circumstances prevent the court from meeting such time limits.

9. The undersigned counsel for the United States Trustee estimates that a hearing on this motion should take ten minutes.

**WHEREFORE**, the United States Trustee, moves for the dismissal or conversion of this case and for such other and further relief as is deemed just and proper.

DATED: December 1, 2011.

>DONALD F. WALTON
>United States Trustee, Region 21
>
> _/s/  Jill Ellen Kelso_
>Jill Ellen Kelso, Trial Attorney
>United States Department of Justice
>Office of the United States Trustee

---

[2] Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court should dismiss or convert a chapter 11 case, whichever is in the best interests of creditors. If the Court establishes cause exists, the Court must convert or dismiss, unless it finds and specifically identifies "unusual circumstances" that dismissal or conversion is not in the best interest of creditors; that there is a reasonable likelihood that the debtor's plan will be confirmed within a reasonable period of time; that "reasonable justification" exists for the deficiencies in the case, and those deficiencies "will be cured within a reasonable period of time." The undersigned is unaware of any unusual circumstances in this case.

Florida Bar No.: 578541<br>
135 W. Central Blvd., Suite 620<br>
Orlando, FL 32801<br>
Telephone No.: (407) 648-6301, Ext. 137<br>
Facsimile No.: (407) 648-6323<br>
jill.kelso@usdoj.gov

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been served electronically through CM/ECF on December 1, 2011, to all parties having appeared electronically in the instant matter.  **I HEREBY CERTIFY** further that a copy hereof shall be served by U.S. Mail, postage prepaid, on December 1, 2011 to the following:

Tato Real Estate Holdings, Inc.
PO Box 520085
Longwood, FL 32752

    */s/  Jill Ellen Kelso*
Jill Ellen Kelso, Trial Attorney

4